UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

HUGO PEDRIQUE GONZALEZ,

    Petitioner,

v.

MARKWAYNE MULLIN, et al.,

    Respondents.

No. 1:26-CV-140-H

## ORDER

Hugo Pedrique Gonzalez entered the United States illegally five years ago. Dkt. No. 1 ¶ 1. In January 2026, ICE detained Pedrique Gonzalez and issued him a Notice to Appear, charging Pedrique Gonzalez with removability as an immigrant "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA]." Dkt. No. 9 at 11; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 1 ¶ 16. Before the Court is Pedrique Gonzalez's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, its implementing regulations, the Fourth Amendment, and the Fifth Amendment's Due Process Clause and prohibition against retroactive laws. *Id.* ¶¶ 113–25.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Pedrique Gonzalez's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v.*

*Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

  The application of Section 1225(b)(2)(A) to unadmitted aliens is not impermissibly retroactive in violation of the Fifth Amendment. *Nieto Torres*, 2026 WL 695639, at *4–7.
- Habeas relief is unwarranted for an alleged Fourth Amendment violation. *Hong v. Noem*, No. 1:26-CV-037, Dkt. No. 15 at 9–10 (N.D. Tex. Apr. 21, 2026) (rejecting limiting construction on Section 1225); *Nnamdi v. Warden, Eden Det. Ctr.*, No. 6:26-CV-248, Dkt. No. 6 at 4–5 (N.D. Tex. July 16, 2026).

Pedrique Gonzalez's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted.

The Court also recognizes the letter of support submitted by Pedrique Gonzalez's wife on behalf of herself and their four children. Dkt. No. 12. However, the role of the

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

Court is not to consider and address Pedrique Gonzalez's character but only to determine what the law requires. Courts are not "superlegislature[s]" that "judge the wisdom or desirability of legislative policy determinations" that are otherwise in accordance with law. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

Accordingly, the petition (Dkt. No. 1) is denied. The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on July 30 , 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE